**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENEE MURRAY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  09-1270 |
| | : | |
| DOLLAR TREE STORES, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                              **SEPTEMBER 10, 2009**

Presently pending before the Court is a Motion for Summary Judgment filed by

Defendant Dollar Tree Stores, Inc. ("Dollar Tree").  For the following reasons, Dollar Tree's

Motion will be granted with regard to all claims.

**I.      BACKGROUND**

On February 29, 2009, Plaintiff Renee Murray ("Murray") filed a Complaint in the

Philadelphia Court of Common Pleas against Dollar Tree, alleging personal injuries from a slip

and fall inside a Dollar Tree store.  On March 24, 2009, the matter was removed to this Court

pursuant to 28 U.S.C. § 1441.  On August 10, 2009, Dollar Tree filed the instant Motion for

Summary Judgment.

Murray's claims stem from an incident that occurred on May 15, 2007 inside a Dollar

Tree store located at 39 North Lansdowne Avenue, Landsdowne, Pennsylvania.  Murray alleges

that on this date, at approximately 4:45 p.m., she slipped and fell on liquid on the floor of a store

aisle while she was shopping.  Murray contends that her fall and subsequent alleged injuries were

directly and proximately caused by Dollar Tree's negligence and carelessness.

 At her deposition, Murray testified that she was shopping in other aisles in the Dollar Tree store for approximately fifteen to twenty minutes prior to the incident.  (Murray Dep. 42:9-42:15; 51:2-51:16.)  Murray stated that she was pushing a shopping cart and slipped on "some kind of liquid on the floor, nice size, probably the size of a laundry basket or so, yellowish, maybe."  (Murray Dep. 42:23-43:1.)  She testified that she did not know how long the liquid was on the store floor.  (Murray Dep. 50:17-51:20.)  Notably, there is no evidence in the record concerning how the spill materialized.

## II. <u>STANDARD OF REVIEW</u>

 Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  <u>See</u> <u>Hines v. Consol. Rail Corp.</u>, 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  "A fact is material if it could affect the outcome of the suit after applying the substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'"  <u>Compton v. Nat'l League of Prof'l Baseball Clubs</u>, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

 Summary judgment must be granted "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992).  "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion.  Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted.  Celotex, 477 U.S. at 322.

III.  **DISCUSSION**

   **A.  General Premises Liability Law**

   The parties agree that Pennsylvania substantive law applies in this diversity case. Murray's negligence action is based on Pennsylvania premises liability.  Pursuant to Pennsylvania law, the elements of negligence are:  (1) the existence of a duty or obligation recognized by law; (2) a breach of that duty; (3) a casual connection between the breach of duty and the resulting injury; and (4) actual loss or damage.  Krentz v. Consol. Rail Corp., 910 A.2d 20, 27 (Pa. 2006).

   The nature of any duty hinges upon the relationship of the parties at the time of plaintiff's injury.  Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. 1994).  In premises liability cases, the duty of care that a possessor of land owes to an entrant upon the land depends on whether the entrant is a trespasser, licensee, or invitee.  Gutteridge v. A.P. Green Servs., Inc., 804

A.2d 643, 655 (Pa. Super. 2002).  Here, there is no dispute that Murray was a business invitee in the Dollar Tree store.

Pennsylvania courts have adopted the Second Restatement of Torts to determine the duty owed by a possessor of land to an invitee on that land.  Kirschbaum v. WRGSB Assoc., 243 F.3d 145, 152 (3d Cir. 2001) (citing Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983)).  As outlined in the Restatement of Torts, a possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, but only if, the possessor:

> a)  knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> b)  should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> c)  fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts §343 (1965).

Significantly, "a store owner is not an insurer of its customers' safety." Flocco v. Super Fresh Mkts., No. 98-902, 1998 WL 961971, at *3 (E.D. Pa. Dec. 29, 1998) (citing Moultrey v. Great Atl. & Pac. Tea Co., 422 A.2d 593, 596 (Pa. Super. 1980)).  Further, the "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." Myers v. Penn Traffic Co., 606 A.2d 926, 928 (Pa. Super. 1992).  As the Pennsylvania Superior Court has stated, "proving negligence in a supermarket slip and fall case 'is often a heavy burden on a plaintiff even in a meritorious

case'" and "'under some circumstances the difficulties of proof of negligence may be insurmountable.'"  Id. at 30 (citation omitted).

   **B.  Notice of the Condition**

   In a premises liability action, the threshold inquiry is whether the possessor of land had notice of the hazardous condition.  Howler v. Wal-Mart Stores, Inc., No. 08-1736, 2009 WL 1688474, at *3 (E.D. Pa. June 16, 2009) (applying Pennsylvania law).  In order to establish notice, an "invitee must prove *either* the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition."  Estate of Swift v. Ne. Hosp., 690 A.2d 719, 722 (Pa. Super. 1997) (emphasis added).  Here, there is no allegation or evidence in the record that Dollar Tree had actual notice of the hazardous condition, or created the spill.  As a result, the critical issue is whether Murray has presented sufficient evidence for a reasonable jury to conclude that Dollar Tree had constructive notice of the spill.

   Constructive notice requires proof that the relevant condition was present long enough that, in the exercise of reasonable care, the defendant should have known of its presence. Martino v. Great Atl. & Pac. Tea Co., 213 A.2d 608, 610 (Pa. 1965).  Significantly, "[s]tate and federal courts applying Pennsylvania law in this area have consistently required a plaintiff 'to provide some proof as to the length of time a spill existed on the floor to establish constructive notice.'"  Cox v. Wal-Mart Stores East, L.P., No. 07-2391, 2008 WL 4072804, at *4 (E.D. Pa. Aug. 26, 2008) (citation omitted).  Most importantly, absent evidence of the duration a spill was present prior to an accident, courts interpreting Pennsylvania law have consistently granted summary judgment to the defendant and emphasized that constructive notice of a spill cannot be inferred.  Howler, 2009 WL 1688474, at *5 ("Because the record does not contain evidence of

the temporal duration of the spill, summary judgment in favor of Defendant is required."); see also Cox, 2008 WL 4072804, at *8 (granting summary judgment where "there [was] no evidence tending to show whether the oil spill had been on the Wal-Mart floor for seconds, minutes, hours or days"); Read v. Sam's Club, No. 05-0170, 2005 WL 2346112, at *2 (E.D. Pa. Sept. 23, 2005) (granting summary judgment where there was no evidence regarding "how long the spill was on the floor").

In this case, Murray has not presented sufficient evidence that Dollar Tree had constructive notice of the spill to survive summary judgment. Specifically, Murray has not offered sufficient evidence concerning the temporal duration of the spill. For example, Murray has failed to offer any evidence of liquid tracks prior to the fall, or the accumulation of dirt near the spill, which would suggest the spill was present for an extended duration. See, e.g., Evans v. Canteen Corp., No. 94-2381, 1995 WL 355231, at *2 (E.D. Pa. June 13, 1995) (finding that absence of tracking and accumulation of dirt suggests lack of constructive notice).

In her summary judgment brief, Murray relies solely upon her own deposition testimony as proof of how long the liquid was on the store floor in attempt to create a jury question regarding constructive notice. Murray contends:

> Plaintiff stated in her deposition, that she was in the store for 15 minutes before her fall and she believes that the liquid was on the floor for at least this length of time. It is a jury question as to whether the Defendant should have found and cleaned the spill during this 15 minute period of time.

(Pl.'s Mem. Opp. Summ. J. at 3.)

However, when Murray was asked at her deposition if she knew how long the spill was present, Murray conceded: "*I don't know how long it was there*. I know I had been in the store

for a minute.  I take my time.  There's quite a few things to see."  (Murray Dep. 50:19-50:22) (emphasis added).  She later added:  "I had been in the store 15 minutes, so it had to be 15 minutes."  (Murray Dep. 51:2-51:5.)

In light of her own testimony, it is clear that Murray can at most speculate concerning when the spill took place or how long the liquid was on the store floor.  However, the non-moving party cannot rely on unsupported assertions, conclusory allegations or mere suspicions in attempting to survive a summary judgment motion.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989) (citing Celotex, 477 U.S. at 325 (1986)).  Based on the lack of direct and circumstantial evidence, a jury could only guess how long the slippery condition existed before Murray's fall.

Murray appears to make one additional vague and unsupported argument in her brief that "Defendant has produced no evidence to suggest that they regularly inspected their store or made any attempt to discover the spill, which caused Plaintiff's fall."  (Pl.'s Mem. Opp. Summ. J. at 4.)  As an initial matter, Murray has not presented collected discovery or other evidence concerning Dollar Tree's general inspection policies, or protective measures taken at the specific store on the date of the incident.  Further, as courts in this district have found, inspection and maintenance issues are "immaterial to a finding of constructive notice (i.e. how long the spill was on the floor)."  Read, 2005 WL 2346112, at *3; see also Henderson v. J.C. Penney, Corp., Inc., No. 08-177, 2009 WL 426180, at *5 (E.D. Pa. Feb. 20, 2009) (finding that business invitees must demonstrate actual or constructive notice of a transitory hazard regardless of whether inspections were performed).

For the reasons that are set forth above, the Court finds summary judgment in Dollar

7

Tree's favor is appropriate in this matter.  Murray has failed to produce sufficient evidence that Dollar Tree had actual or constructive notice of the condition.  As a result, Dollar Tree is entitled to judgment as a matter of law.  Accordingly, Dollar Tree's Motion for Summary Judgment will be granted.

An appropriate Order follows.